PER CURIAM.
This case is before the Court on Petition for Leave to Resign from The Florida Bar Pursuant to Rule 11.08 of the Integration Rule of The Florida Bar. The petition states in part as follows:
1. There have been no past disciplinary actions against your Petitioner.
2. Pending disciplinary actions are those hereinabove referred to which are in more particular as follows:
(a) As to Case No. B17-76-20, your Petitioner is charged with a complaint by Rodney L. Jacobs wherein Mr. Jacobs has claimed that he has been damaged by Petitioner in the amount of $9300.00. The loss came about in a manner which is accurately described in a letter to the Bar Association from Waste Management on *836 the date of September 11, 1975, as follows:
Waste Management, Inc.
900 Jorie Boulevard — Oak Brook,
Illinois 60521-312/654-8800
September 11, 1975
State of Florida Bar Association
c/o Client’s Trust Fund
Tallahassee, Florida 32304
RE: William H. Kilby
2691 E. Oakland Blvd.
Ft. Lauderdale, Florida 33306
Gentlemen:
In April, 1975 the subject was retained by Waste Management of Florida, Inc. to represent its interests in the sale of 2750 South Ocean Drive, Hollywood, Florida. On May 22, 1975 this real estate sale was closed at which time Mr. Kilby forwarded a check in the amount of $82,163.17 which represented part of the proceeds from said sale. An amount of $9,300.00 was still due from said sale which Mr. Kilby, upon repeated demands from me, acknowledged and advised he would forward same once he withdrew it from an escrow account in Miami. As it has been subsequently determined, no such escrow account exists, per statement from the purchaser’s attorney, and Mr. Kilby refuses to remit to us the $9,300.00 held by him for us or answer any correspondence or telephone calls.
In connection with the above, I am enclosing the following documentation for your file:
1) Copy of my letter of September 2, 1975.
2) Copy of my letter of August 15, 1975.
3) Copy of the closing statement of May 22, 1975.
4) Copy of Mr. Kilby’s letter of June 25, 1975.
5) Copy of Mr. Howard’s letter of May 7, 1975, attorney for purchaser.
6) Copy of Mr. Kilby’s letter of May 19, 1975.
7) Copy of Mr. Kilby’s letter of April 7,1975.
8) Copy of contract dated April 4,1975.
In view of the above, I am herein requesting that the Client’s Trust Fund remit $9,300.00 due to the loss incurred and that such action be taken against Mr. Kilby as the Bar deems appropriate.
Very truly yours,
(s) Rodney L. Jacobs
Attorney at Law
rlj/jec
encl
cc: J. S. Bergerson
H. W. Huizenga
(b) As to Case No. B17-76-30, complaint was made by a Mr. Bradley. This matter pertained to a Small Claims Court case wherein Mr. Bradley retained Mr. Kilby to represent him in Small Claims Court. The retainer fee quoted by Petitioner was $200.00 which Petitioner told Mr. Bradley was non-refundable.
Your Petitioner did some work pertaining to the representation of Mr. Bradley including an appearance in Court on behalf of Mr. Bradley seeking a continuance of the Small Claims Court trial because of a social engagement Mr. Bradley had the same day the matter was scheduled for Court.
Your Petitioner alleges that he had spent at least four hours interviewing Mr. Bradley and in preparation of the case.
Your Petitioner has previously sent to The Florida Bar and to the Supreme Court of Florida a letter resigning from The Florida Bar and requesting that Petitioner’s name be stricken from the roll of attorneys eligible to practice, effective February 20, 1976. Your Petitioner advised Mr. Bradley of the problem and suggested he seek other counsel and refunded to Mr. Bradley the sum of $100.00 of the $200.00 retainer that he had been given, your Petitioner being of the opinion that $100.00 was fair compensation for services rendered until the time it became necessary for your Petitioner to withdraw from representation.
3. There never has been any criminal proceedings instituted against your Petitioner.
4. The pending investigation and proceedings are set for May 27, 1976 at 3:30 p.m. Mr. KILBY has no defenses to these proceedings and the loss that has been sustained by Waste Management and the only defense as to Mr. Bradley’s accusations are set forth herein and if it be the opinion of the Committee that your Petition *837 er should or must refund to Mr. Bradley the additional $100.00 such will be done within 60 days of notice by either The Florida Bar or the Clerk of the Supreme Court of the State of Florida.
5. Your Petitioner represents unto this Honorable Court and The Florida Bar that since his letter of resignation dated February 20, 1976, he has done no legal work nor has he represented himself to be a lawyer.
In its Response The Florida Bar states in part as follows:
At the July meeting of the Board of Governors of The Florida Bar, the Board voted to oppose the petition for leave to resign unless petitioner Kilby affirmatively consents to a full waiver of confidentiality of the disciplinary proceedings and to condition the filing of any reinstatement application on prior proof of full restitution to any injured clients.
The Petitioner, William H. Kilby, having filed Affirmative Consent to Full Waiver of Confidentiality of Disciplinary Proceedings; And to Condition the Filing of any Reinstatement Application on Proof of Full Restitution, it is ordered by the Court that the Petition for Leave to Resign from The Florida Bar is hereby granted effective this date.
OVERTON, C. J., and ADKINS, BOYD, ENGLAND and ROBERTS (Retired), JJ., concur.